**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

MICHAEL C. PENDLEY,            §
                              §
    Plaintiff,             §
                              §
v.                            §    Civil Action
                              §    No. C-07-141
FERGUSON-WILLIAMS, INC., et al.,  §
                              §
    Defendants.            §

## ORDER OF REMAND

On this day came on to be considered Plaintiff Michael Pendley's motion to remand the above-styled action back to state court (D.E. 9). For the reasons stated herein, the Court finds that it lacks subject-matter jurisdiction over this case, and the Court hereby GRANTS Plaintiff's remand motion and REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the 148th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause No. 07-823-E.

## I.  Procedural Background

Plaintiff filed the instant action in state court on February 16, 2007. Plaintiff sued Defendants Ferguson-Williams, Inc. ("Ferguson-Williams")[1], VT-Griffin Services, Inc. ("VT-Griffin"), Ray Brown, and John Doe Nos. 1 and 2. Ferguson-Williams was served on February 23, 2007, and VT-Griffin was served on February 22, 2007. Ray Brown and John Doe Nos. 1 and 2 had not been served as

---

[1]In its Notice of Removal, Ferguson-Williams indicates that its current correct name is "Ferguson-Williams, L.L.C."

of the time of removal.  Ferguson-Williams, with the consent of VT-Griffin, removed the case to this Court on March 26, 2007. Ferguson-Williams removed the case on the alleged grounds of diversity and federal question jurisdiction.

## II.  **Factual Background**

Plaintiff alleges as follows in his Original Petition:  At the time of the incident in question, Plaintiff was on active duty in the United States Navy, and Plaintiff was serving on the Rotational Crew Force onboard the USS CORMORANT.  Plaintiff and others were working to remove the USS CORMORANT from the storm anchorage it had been placed in due to Hurricane Rita.  Plaintiff alleges that during the process of removing the USS CORMORANT from its storm anchorage, a small vessel called LCU-19 allided with the warship, and LCU-19 became entangled in a fender line attached to the USS CORMORANT.  Plaintiff says that the entangled fender line broke and struck Plaintiff in his left eye, "destroying his iris, detaching his retina and causing permanent and total blindness in the eye." (Petition, p. 7).  Plaintiff claims that LCU-19 was crewed by Defendants John Doe Nos. 1 and 2 and Ray Brown, and that these individual Defendants were employed by either VT-Griffin or Ferguson-Williams.[2]  Plaintiff brings claims against all the Defendants in this case under the general maritime law of the

_____

[2]Defendants VT-Griffin and Ferguson-Williams are civilian defense contractors that were assisting in removing various warships from storm anchorage.

United States.

## III. **Discussion**

### A.   **General Removal Principles**

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.  See 28 U.S.C. § 1441(a).  A court, however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); see also Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  In evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno, 276 F.3d at 723; see also Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction"); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

It is well-settled that the removing party bears the burden of showing that the removal was proper.  See Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir. 1997).  This burden extends to demonstrating both the jurisdictional basis for removal and compliance with the requirements of the removal statute.  See Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th

Cir. 1995).   The question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed.  See Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939); Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993).

**B.   The Court Does Not Have Jurisdiction Over This Case**

For the reasons set forth below, the Court finds that this case could not be removed on the basis of maritime jurisdiction, and the Court specifically rejects Defendant Ferguson-Williams' arguments that this Court has federal question and/or diversity jurisdiction over this action.[3]  Accordingly, this case must be remanded back to state court.

**1.   Maritime Jurisdiction**

Plaintiff brings this case under "the general maritime law of the United States", and he specifically states in his Original Petition that the case "is being pursued under the savings to suitors clause contained in 28 U.S.C. § 1333." (Petition, pp. 1-2).  28 U.S.C. § 1333 states that "The district courts shall have original jurisdiction, exclusive of the courts of the States, of ... [a]ny civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are*

---

[3]In its Notice of Removal, Defendant Ferguson-Williams argues that this Court has jurisdiction over this case because in-state Defendants were fraudulently joined to defeat diversity, and also because this Court has federal question jurisdiction over the case under 28 U.S.C. § 1331.  For the reasons set forth in this Order, the Court does not accept these arguments advanced by Ferguson-Williams.

*otherwise entitled*." 28 U.S.C. § 1333(1) (emphasis added).[4]

The Court notes that this case could have been originally filed in federal court. However, maritime claims brought under the savings to suitors clause do <u>not</u> form a basis for removal from state to federal court, and this case cannot be removed solely because Plaintiff brings maritime law claims against the Defendants. <u>See</u> <u>Fields v. Pool Offshore, Inc.</u>, 182 F.3d 353, 356 (5th Cir. 1999) (a general maritime law claim brought in state court "does not of itself furnish a basis for removal even though it could have been filed originally in federal court"); <u>Morris v. T E Marine Corp.</u>, 344 F.3d 439, 444 (5th Cir. 2003) ("General maritime claims saved to suitors are, of themselves, not removable."); <u>Hufnagel v. Omega Service Industries, Inc.</u>, 182 F.3d 340, 348 (5th Cir. 1999) ("It is settled that ... an admiralty action filed in state court under the savings to suitors clause, 28 U.S.C. § 1333(1), is not removable solely because as an admiralty action it could have initially been filed in federal court").

Accordingly, since Plaintiff brings his claims against the Defendants under the general maritime law of the United States and pursuant to the savings to suitors clause, this case cannot be

---

[4]The "savings to suitors" clause gives exclusive federal jurisdiction only to *in rem* maritime claims. Other maritime claims, such as the claims brought by the Plaintiff in this action, may be pursued in either state or federal court -- depending on where the plaintiff brings the case. <u>See</u> <u>Linton v. Great Lakes Dredge & Dock Co.</u>, 964 F.2d 1480, 1484 (5th Cir. 1992)

removed on the basis of federal maritime jurisdiction.  If there is no other basis for jurisdiction, then this case must be remanded to state court.[5]

### 2.   **Ferguson-Williams' Argument Re: Improper Joinder**

Ferguson-Williams argues that this Court has diversity jurisdiction over the case, because Plaintiff improperly joined in-state Defendants to defeat diversity.  For the reasons set forth below, Defendant Ferguson-Williams has not met its heavy burden of proving fraudulent joinder.[6]

---

[5]Even though a case is not removable under maritime jurisdiction, a "savings to suitors" case can still be removed if there is an independent basis for jurisdiction (other than pursuant to 28 U.S.C. § 1333).  See Morris, 344 F.3d at 444.  For the reasons set forth in this Order, there is no other basis for federal jurisdiction over this case.

[6]The Court also notes Ferguson-Williams' argument that the Court has diversity jurisdiction over this action because "the claims of Plaintiff are expected to exceed $75,000, exclusive of interest, and **the Defendants that have been sued and served with process are citizens of different states than Plaintiff**."  (Notice of Removal, pp. 2-3) (emphasis added).  The Court does not accept this argument, because the presence or absence of diversity jurisdiction is not impacted by whether a particular defendant has been served with process.  See New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 883 (5th Cir. 1998).  The Fifth Circuit has expressly stated as follows on this issue:

> [A defendant's] non-diverse citizenship cannot be ignored simply because [he] was an unserved defendant.  A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant.  Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (en banc).  The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court.  See Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006) (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)); see also Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005).  As there is no allegation of actual fraud in Plaintiff's Original Petition, the removing Defendant would have to establish improper joinder by demonstrating that there is no possibility of recovery by Plaintiff against a nondiverse Defendant.  See Crockett, 436 F.3d at 532.  The Court resolves this matter by conducting an analysis under a rule similar to that of Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff[s], resolving all contested issues of substantive fact in favor of the plaintiff[s]." Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005) (citing B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)); see also

—————————————————

Id.

<u>Boone</u>, 416 F.3d at 388; <u>Smallwood</u>, 385 F.3d at 573.  The Court does "not determine whether the plaintiff will actually or even probably prevail on the merits of [his] claim, but look[s] only for a possibility that the plaintiff might do so." <u>Guillory</u>, 434 F.3d at 308.  Ordinarily, if the plaintiffs can survive the Rule 12(b)(6) type challenge, there is no improper joinder.  See <u>Smallwood</u>, 385 F.3d at 573.

In this case, Plaintiff sued Defendant Ray Brown, a citizen of Texas, under a general maritime tort (negligence) claim.[7]

General principles of negligence guide the analysis of a maritime tort case.  See <u>Consol. Aluminum Corp. v. C.F. Bean Corp.</u>, 833 F.2d 65, 67 (5th Cir. 1987); <u>Casaceli v. Martech Int'l, Inc.</u>, 774 F.2d 1322, 1328-29 (5th Cir. 1985); <u>Daigle v. Point Landing, Inc.</u>, 616 F.2d 825, 827 (5th Cir. 1980).  To recover for negligence under the general maritime law, the plaintiff must establish the following: (1) the defendant owed the plaintiff a duty; (2) the defendant breached the duty; and (3) the breach directly and proximately caused (4) the plaintiff's actual damages.  See <u>Uncle Ben's v. Hapag-Lloyd Aktiengesellschaft</u>, 855 F.2d 215, 216-17 (5th Cir. 1988); <u>Vulcan Materials Co. v. Vulica Shipping Co., Ltd.</u>, 859

---

[7]Plaintiff also sued two other in-state Defendants, John Doe No. 1 and John Doe No. 2.  Since more information is available on Defendant Ray Brown, this order focuses on Plaintiff's claim against Mr. Brown.  Because Mr. Brown and Plaintiff are both Texas citizens, so long as Plaintiff could conceivably recover against Mr. Brown, there is not complete diversity in this case.

F.Supp. 242, 249 (W.D. La. 1994).

In this case, Plaintiff pleads that Mr. Brown was the "operator" of LCU-19, the vessel that allided with the USS CORMORANT and became entangled in the warship's fender line. (Petition, ¶ 4). Plaintiff also pleads that Mr. Brown failed to exercise ordinary care in the operation of LCU-19, that Mr. Brown failed to stop LCU-19 even after it was apparent that the vessel had snagged the fender line on the USS CORMORANT, and that Mr. Brown failed to comply with various Inland Rules of Navigation.[8] (Petition, pp. 7-8). Plaintiff also pleads that his injuries were a "direct and proximate result" of Mr. Brown's negligence. (Petition, p. 7).

Taking all of Plaintiff's allegations as true, it is possible that Plaintiff could conceivably recover against Mr. Brown for a maritime tort. Mr. Brown, as the operator of LCU-19, had a duty to comply with the Inland Rules of Navigation. See, e.g., 33 U.S.C. § 2001 (absent special circumstances, the Inland Rules of

---

[8]Congress enacted the "Inland Navigational Rules Act of 1980" in order to "unify the rules governing navigation in the inland waters of the United States by replacing the existing Inland Rules, Western Rivers Rules, and Great Lakes Rules with a consolidated set of 'Inland Navigational Rules.'" Marine Transport Lines, Inc. v. M/V Tako Invader, 37 F.3d 1138, 1144 (5th Cir. 1994). The Inland Navigational Rules are codified at 33 U.S.C. §§ 2001-73. Plaintiff claims that Mr. Brown violated Inland Navigational Rules 5, 6, 7 and 8. Rule 5, 33 U.S.C. § 2005, is entitled "Look-out", Rule 6, 33 U.S.C. § 2006, is entitled "Safe speed", Rule 7, 33 U.S.C. § 2007, is entitled "Risk of collision", and Rule 8, 33 U.S.C. § 2008, is entitled "Action to avoid collision."

Navigation "apply to all vessels upon the inland waters of the United States"). Plaintiff alleges that Mr. Brown did not comply with these Rules, and that Mr. Brown's failure to do so caused Plaintiff to be injured and suffer damages.  This is sufficient to allege a maritime tort, and Plaintiff could conceivably recover against Mr. Brown in this case.  Accordingly, Ferguson-Williams did not meet its heavy burden of showing improper joinder, and because Plaintiff and Mr. Brown are both citizens of Texas, complete diversity does not exist in this case.[9]

### 3.  **Federal Question Jurisdiction**

Ferguson-Williams argues that the Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331.

---

[9]The Court notes Ferguson-Williams' unpersuasive argument that Plaintiff cannot recover against Mr. Brown because Plaintiff was not a passenger on the vessel operated by Mr. Brown.  Ferguson-Williams argues that under the general maritime law of the United States, that a plaintiff may only maintain a cause of action against a captain or crewmember of a vessel when the plaintiff was a passenger on that vessel.  (Notice of Removal, pp. 6-7).  Ferguson-Williams cites to 46 U.S.C. §§ 30102-30103, a 1900 Sixth Circuit case, The Longfellow, 104 F. 360, 367 (6th Cir. 1900), and a 1959 Southern District of Texas case, In re Nueces County, Texas Road District No. 4, 174 F.Supp. 846, 857-58 (S.D. Tex. 1959). (Notice of Removal, pp. 6-7).  Nothing in these statutes or cases states that all maritime actions against crewmembers are limited solely to a vessel's passengers.  For example, Section 30313 only states that "A person may bring a civil action against a master, mate, engineer, or pilot of a vessel, and recover damages, for personal injury or loss caused by the master's, mate's, engineer's, or pilot's (1) negligence or willful misconduct; or (2) neglect or refusal to obey the laws governing the navigation of vessels." 46 U.S.C. § 30313.  This language does not limit actions to those brought by a vessel's passengers, and the language in fact appears to directly encompass Plaintiff's claim against Mr. Brown.

Ferguson-Williams' basis for this argument is that this case presents a "unique federal question" because it "involves a lawsuit against two defense contractors." (Notice of Removal, p. 2). For the reasons set forth below, this is not a persuasive argument, and the Court does not have federal question jurisdiction over this case.

**a.   <u>Well-Pleaded Complaint Rule</u>**

A federal district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, the determination of whether a court has federal question jurisdiction is resolved by application of the "well-pleaded complaint" rule. <u>Merrell Dow Pharms. v. Thompson</u>, 478 U.S. 804, 808 (1986); <u>Hart v. Bayer Corp.</u>, 199 F.3d 239, 243 (5th Cir. 2000). This rule "provides that the plaintiff's properly pleaded complaint governs the jurisdictional inquiry. If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking." <u>Hart</u>, 199 F.3d at 243 (citing <u>Franchise Tax Bd. v. Laborers Vacation Trust</u>, 463 U.S. 1, 10 (1983)). "The plaintiff is thus the master of her complaint." <u>Carpenter</u>, 44 F.3d at 366.

A defendant cannot establish federal question jurisdiction merely by showing that federal law will "apply" to a case or that there is a "federal issue" in the plaintiff's state law causes of

action.  Id.; see also Thompson, 478 U.S. at 813.  Similarly, it is insufficient for a defendant to show that there is a federal defense (including the defense of preemption) to a plaintiff's state law claims.  See, e.g., Hoskins v. Bekins Van Lines, 343 F.3d 769, 772 (5th Cir. 2003); Carpenter, 44 F.3d at 366.

### b.   **Absence of Federal Question Jurisdiction**

Pursuant to the well-pleaded complaint rule, this Court does not have federal question jurisdiction over this action.  In his Original Petition, Plaintiff only makes claims against the Defendants under "the general maritime law of the United States." (Petition, p. 1).  Plaintiff does not pursue any other claims or theories against the named Defendants.  Claims by a Plaintiff under the general maritime law of the United States do not form the basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331. See Hufnagel v. Omega Serv. Indus., Inc., 182 F.3d 340, 348 (5th Cir. 1999) ("It is settled that general maritime claims do not 'arise under the Constitution, treaties, or laws of the United States' for purposes of original federal question jurisdiction under 28 U.S.C. § 1331"); Tennessee Gas Pipeline v. Houston Cas. Ins. Co., 87 F.3d 150, 153 (5th Cir. 1996) ("It is well-established that maritime claims do not "aris[e] under the Constitution, treaties or laws of the United States" for purposes of federal question and removal jurisdiction").

Accordingly, "on its face," Plaintiff's Original Petition does

not raise an issue of federal law that supports federal question jurisdiction pursuant to 28 U.S.C. § 1331. <u>Hart</u>, 199 F.3d at 243. Defendant Ferguson-Williams' argument in favor of federal question jurisdiction is that "the alleged negligent actions of an independent sub-contractor to the United States government raise a unique federal question that requires application of federal common law." (Notice of Removal, p. 3).[10]  However, Defendant Ferguson-Williams <u>cannot</u> establish federal question jurisdiction by arguing that federal law will "apply" to this case, or that there is a "federal issue" somehow included in Plaintiff's Petition. <u>Carpenter</u>, 44 F.3d at 366.  Plaintiff only asserts general maritime law claims against the Defendants, and general maritime law is not a basis for federal question jurisdiction.  Therefore, regardless of Ferguson-Williams' arguments about how federal common law might

---

[10]The Court notes Ferguson-Williams' reliance on the case of <u>Boyle v. United Technologies Corp.</u>, 487 U.S. 500 (1988).  <u>Boyle</u> deals specifically with "[l]iability for design defects in military equipment", as the plaintiff in <u>Boyle</u> sued a military helicopter's manufacturer for design defect theories under Virginia tort law. <u>Id.</u> at 512.  The Supreme Court held that "state law which holds Government contractors liable for design defects in military equipment does in some circumstances present a significant conflict with federal policy and must be displaced."  <u>Id.</u>  In this case, Plaintiff is not suing Ferguson-Williams or VT-Griffin over the design of military equipment.  Rather, Plaintiff makes <u>no claims at all</u> regarding any equipment used or manufactured by these two Defendants.  Further, there is no "state law" at issue in this case.  As noted above, Plaintiff sues the Defendants only under the general maritime law of the United States.  He brings no Texas (or other state) tort claims against Defendants.  Because Plaintiff is not suing under state law and he brings no claims regarding the design of military equipment, <u>Boyle</u> does not apply and the well-pleaded complaint rule still governs Plaintiff's Original Petition.

apply to a "unique federal issue," under the well-pleaded complaint rule the Court does not have federal question jurisdiction over this case.[11]

## IV. Conclusion

For the reasons set forth above, the Court hereby GRANTS

---

[11]The Court notes Ferguson-Williams' argument that this case should be removed pursuant to the "government contractor defense" set forth in Boyle, 487 U.S. at 512. (Notice of Removal, pp. 3-4). This argument is not persuasive. The government contractor defense only addresses "[l]iability for design defects in military equipment", Winters v. Diamond Shamrock Chemical Co., 149 F.3d 387, 400 (5th Cir. 1998) (internal citations omitted), and Plaintiff does not bring any such claims in this case. Further, the government contractor defense is only applicable in the following circumstances: when "(1) the United States approved reasonably precise specifications; (2) the equipment [at issue] conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." Id. (citing Boyle, 487 U.S. at 512). These circumstances are not present in this case, because no issue has been raised regarding the design of any military equipment.

The Court also notes that Ferguson-Williams makes reference to removal pursuant to 28 U.S.C. § 1442(a). To remove a case under 28 U.S.C. § 1442, the defendant has the burden to establish the following factors: (1) the defendant is a "person" under § 1442(a)(1); (2) the defendant acted under the direction of a federal officer; (3) the defendant demonstrated a causal nexus between plaintiff's claims and defendant's actions performed under the color of a federal office; and (4) the defendant can raise a federal defense to plaintiff's claims. See Winters, 149 F.3d at 39. In this case, Ferguson-Williams has not satisfied the above-referenced prongs. Specifically, Ferguson-Williams has not shown that it can raise a federal defense to plaintiff's claims. The only defense referenced by Ferguson-Williams is the "government contractor defense," and as noted above, that defense is not applicable because Plaintiff does not bring claims regarding design defects in military equipment. Accordingly, Ferguson-Williams cannot remove under 28 U.S.C. § 1442(a), and the Court rejects Ferguson-Williams' argument on this point.

Plaintiff's Motion to Remand, and this consolidated action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 148th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause No. 07-823-E.[12]

SIGNED and ENTERED this 1st day of May, 2007.

_Janis Graham Jack_

Janis Graham Jack
United States District Judge

---

[12]Although the Court finds that removal was improper in this case, the Court denies Plaintiff's request for attorney's fees and costs. (Remand Motion, p. 9). The Court finds that Ferguson-Williams had a reasonable belief that removal might be proper in this case. See, e.g., Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 293 (5th Cir. 2000).